23-7688
Walker v. Raja

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION SUMMARY ORDER). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand twenty-four.

PRESENT:
> RICHARD C. WESLEY,
> DENNY CHIN,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

Michael Tracy Walker,

> *Plaintiff-Appellant,*

v.                                                                    **23-7688**

Taimur Raja (Shield No. 19639), David Vazquez (Shield No. 20393), Kyle Brown (Shield No. 16513), William Chow (Shield No. 4244), Elisa Battista (Shield No. 178), Sazedur Rahman (Shield No. 2645),[*]

> *Defendants-Appellees.*

_____

_____

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

**FOR PLAINTIFF-APPELLANT:**                    Michael Tracy Walker, pro se, Napanoch, NY.

**FOR DEFENDANTS-APPELLEES:**                   Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, Martin Rowe, Jamison Davies, of Counsel, New York, NY.

Appeal from an order and judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the district court is **AFFIRMED**.

Pro se Plaintiff-Appellant Michael Tracy Walker appeals the district court's denial of his motion for a new trial after a jury found that Defendants-Appellees, New York Police Department ("NYPD") officers, had not used excessive force in arresting Walker. Walker argues that he is entitled to a new trial on the grounds that (1) the district court made an erroneous evidentiary ruling; (2) Defendants failed to identify a witness to call; (3) the district court did not advise Walker that he needed to subpoena a witness; and (4) the district court erred in failing to accommodate Walker's request to be housed in

custody closer to the courthouse for the duration of the trial. We affirm the denial of Walker's motion for a new trial and the judgment of the district court.

## BACKGROUND

Walker brought this § 1983 claim alleging the Defendants-Appellees collectively used excessive force, or failed to correctly supervise officers using such force, in arresting him in January 2017, after his attempted gunpoint robbery of a Brooklyn jewelry shop. *See* 42 U.S.C. § 1983. The store owner had fought back, causing Walker to flee by kicking through the store's glass door. However, the owner and a nearby group of civilians immediately restrained Walker outside the store. When the NYPD officers arrived, they engaged Walker and, after a struggle, handcuffed him. The attempted robbery, the subsequent struggle, and the arrest were all captured on surveillance video, excerpts of which were shown at trial. Walker claimed that one or more of the officers had punched him or otherwise used excessive force, rendering him legally blind. The officers denied Walker's allegations and argued that Walker could not show that the deterioration of his vision was not attributable to a preexisting eye condition or to his struggle with the store owner and civilians before the officers arrived. The jury returned a full verdict in the officers' favor.

3

Walker moved under Federal Rule of Civil Procedure 59(a)(1)(A) for a new trial. The district court denied the motion, and Walker timely appealed. We assume the parties' familiarity with the underlying facts and the procedural history of the case, which we recount only as necessary to explain our decision.

**STANDARD OF REVIEW**

We review a denial of a motion for a new trial for abuse of discretion. *Carroll v. Cnty. of Monroe*, 712 F.3d 649, 653 (2d Cir. 2013) (per curiam). We likewise review a district court's evidentiary rulings for abuse of discretion. *Sheng v. M&TBank Corp.*, 848 F.3d 78, 84 (2d Cir. 2017). A district court abuses its discretion when it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." *Id.* (citation omitted). "The circumstances ordinarily recognized as supporting a new trial are that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice, *i.e.,* that the verdict is against the weight of the evidence . . . or that for stated reasons the trial was not fair to the moving party." *New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.*, 295 F.3d 232, 248 (2d Cir. 2002) (alteration in original) (citation omitted).

4

**DISCUSSION**

Because the district court did not abuse its discretion in denying a new trial, we affirm.

I.      **The District Court Did Not Err in Admitting Excerpts of the Surveillance Footage of the Incident**

The district court did not err in admitting excerpts of the surveillance footage. The district court excluded the portions showing the attempted armed robbery, but permitted jurors to view excerpts of the altercation that occurred before Defendants' arrival. *See* D. Ct. Dkt. 144 (Mots. Limine Chart), at 2; D. Ct. Dkt. 247 (Tr. Civil Cause Trial), at 57–60. On Walker's post-trial motion, the district court affirmed its decision.

We agree with the district court that the footage was relevant to the injury-causation question, and that the footage's probative value was not "substantially outweighed" by its potential prejudice under Federal Rule of Evidence 403. Fed. R. Evid. 403 ("The court *may* exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." (emphasis added)). The footage is clearly probative to Walker's § 1983 claim of excessive force, which requires the Defendants' "personal involvement" in the "alleged constitutional deprivations." *See Spavone v. N.Y.S. Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) (citation omitted).

5

Defendants raised an alternate theory of causation based on events depicted in the video. And the district court was careful to exclude the footage of the associated attempted armed robbery.  D. Ct. Dkt. 247 (Tr. Civil Cause Trial), at 57.  The district court's ruling was therefore well "within the range of permissible decisions," and it did not otherwise err.  *See Sheng*, 848 F.3d at 84 (citation omitted).

## II.  Walker Claims Two Trial Deficiencies Contradicted by the Record

We conclude that Walker's contentions regarding Officer Adam Osman's and Dr. Barry Hyman's absent testimony lack factual merit.

First, Walker claims that Defendants did not identify Officer Osman as a potential witness during discovery, which prevented Walker from calling the officer to testify at trial or adding him as a defendant.  But Walker's pre-trial summary judgment motion included, as an attached exhibit, a statement from Defendant Sergeant Sazedur Rahman clearly identifying Officer Osman as the driver of a vehicle in which Sergeant Rahman rode to respond to the incident.  *See* D. Ct. Dkt. 100, at 33 (Pl.'s Br. Opp'n Defs.' Mot. Summ. J., Ex. A, at 2).  Walker cannot claim that Officer Osman's identity was withheld.

Second, Walker contends that the district court failed to inform him that to ensure that the optician who examined him after the incident, Dr. Hyman, would testify at trial, Walker needed to subpoena Dr. Hyman as a witness.  Here, again, the record proves

6

otherwise. More than two months before trial, the district court provided Walker a document titled "Representing Yourself at Trial: A Manual for Pro Se Litigants Appearing Before the United States District Court for the Southern District of New York." D. Ct. Dkt. 209. That manual explains that a party must subpoena a non-party witness who refuses to testify. *Id*. at 49–51; *see also* D. Ct. Dkt. 192 (Minute Entry for Status Conference) (ruling in November 2021 that pursuant to Walker's request, Walker could subpoena Dr. Hyman).

### III. Walker Identifies No Error Affecting the Trial's Fairness Arising from His Custodial Housing

Finally, the district court's unsuccessful attempt to arrange for Walker's custodial housing in a prison closer to the courthouse for the duration of the trial does not warrant a new trial.[1] Walker claims that he was awakened early in the morning on the four trial days and transported by correctional officers in a van that allegedly was not outfitted to accommodate his pre-existing injuries—and that the commute deprived him of "hot meals [and] adequate rest." Appellant's Br. 25–26. Walker has not shown that his

---

[1] The district court entered successive orders attempting to secure more proximate housing to the courthouse. *See* D. Ct. Dkt. 213, at 4–5 (PDF pagination) (ordering Walker's transfer "under safe and secure conduct to officials from the New York City Department of Correction"); D. Ct. Dkt. 215, at 3–7 (PDF pagination) (same for "the Metropolitan Detention Center").

commute and meals arrangement, in the particular circumstances here, diminished his right to a fairly conducted trial.

We have considered all of Walker's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the order and judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court